**Electronically Filed
Intermediate Court of Appeals
30699
29-NOV-2013
09:53 AM**

NO. 30699

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE BUREAUS INVESTMENT GROUP, NO. 2, LLC, Plaintiff-Appellee,
v.
BLASE HARRIS, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-357K)

MEMORANDUM OPINION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Blase Harris (Harris) appeals from a Judgment filed August 9, 2010, in the Circuit Court of the Third Circuit (circuit court),[1] in which the circuit court ruled in favor of Plaintiff-Appellee The Bureaus Investment Group, No. 2, LLC (Bureaus LLC) and against Harris. Judgment was entered pursuant to an "Order Granting Plaintiff's Motion for Summary Judgment as to (1) Plaintiff's Claim Against Defendant and (2) Defendant's Counterclaim" filed on February 2, 2010.

On appeal, Harris contends that the circuit court erred by (1) not barring Bureaus LLC's claims against Harris pursuant to the statute of limitations; (2) finding no genuine issue of material fact concerning Harris' alleged new promise to pay Bureaus LLC on an account stated; (3) failing to issue a determination as to whether Bureaus LLC is a real party in interest; (4) finding no genuine issue of material fact

---

[1] The Honorable Elizabeth A. Strance presided.

concerning the amount Harris is alleged to have promised to pay Bureaus LLC; (5) concluding that Harris was indebted to Bureaus LLC based on evidence for which a sufficient evidentiary foundation had not been established under Hawaii Rules of Evidence (HRE) Rule 803(b)(6); and (6) not dismissing Bureaus LLC's First Amended Complaint based upon Bureaus LLC's failure to fulfill conditions set forth in an "Order Granting Plaintiff's Motion to Set Aside Order of Dismissal" (Order Setting Aside Dismissal) filed on October 28, 2008 by the Circuit Court of the First Circuit (First Circuit Court).

For the reasons discussed below, there are genuine issues of material fact as to whether Bureaus LLC's claims are time barred and thus the circuit court properly did not grant summary judgment for Harris on his statute of limitations defense. Likewise, there are genuine issues of material fact whether Bureaus LLC is entitled to collect on the alleged debt and therefore it was error to grant summary judgment in favor of Bureaus LLC. We vacate the judgment and remand for further proceedings.

## I.    **Background**

In this case, Bureaus LLC seeks to recover sums that it alleges Harris owes on an outstanding credit card debt. Bureaus LLC contends that it was assigned the rights to become the creditor on the debt. Harris contends, *inter alia*, that he previously cleared any outstanding debt, that Bureaus LLC's claim is barred by the statute of limitations, and that Bureaus LLC has failed to establish it is a real party in interest.

On November 6, 2007, Bureaus LLC filed a complaint in the First Circuit Court asserting that Harris had an outstanding credit card debt of $20,936.16, plus interest. On July 11, 2008, the First Circuit Court dismissed the complaint for want of service. On September 24, 2008, Bureaus LLC filed a "Motion to Set Aside Order of Dismissal Filed on July 11, 2008" pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b). In seeking to set aside the dismissal, Bureaus LLC asserted, *inter alia,*

that the statute of limitations had expired on November 14, 2007.[2]  On October 28, 2008, the First Circuit Court filed the Order Setting Aside Dismissal, which included an order that the case be transferred to the Third Circuit.

Bureaus LLC thereafter filed a First Amended Complaint in the Third Circuit on February 6, 2009.  On October 22, 2009, Bureaus LLC filed a Motion for Summary Judgment.  In support of its summary judgment motion, Bureaus LLC adduced evidence that Harris became delinquent on a credit card issued by First USA Bank, N.A. (First USA) and that on or around January 2000, First USA "charged off" Harris's credit card account, removing it as an asset from First USA's books.  Bureaus LLC asserted that it acquired the rights to Harris's outstanding credit card debt by way of a bill of sale and assignment of rights.  Bureaus LLC argued that Harris made five payments to Bureaus LLC after it had acquired rights to his account, the last of which was a check made payable to "The Bureaus Inc." dated November 8, 2001, in the amount of $148.

On November 23, 2009, Harris filed an opposition to Bureaus LLC's summary judgment motion, as well as a motion to dismiss.  In opposing Bureaus LLC's summary judgment motion and in his affirmative motion to dismiss, Harris argued, inter alia, that the claims against him were time barred.  We note that as to his motion to dismiss, Harris attached thereto his declaration and exhibits and we will thus treat this motion as a motion for summary judgment.  Wong v. Cayetano, 111 Hawai'i 462, 476, 143 P.3d 1, 15 (2006) ("[A] motion seeking dismissal of a complaint is transformed into a Hawai'i Rules of Civil Procedure (HRCP) Rule 56 motion for summary judgment when the circuit court considers matters outside the pleadings[.]"); HRCP Rule 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the

---

[2]  Attached to its later motion for summary judgment, Bureaus LLC submitted a declaration asserting that a check from Harris dated November 8, 2001, made payable to The Bureaus Inc., was received on November 14, 2001.

3

motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.").

In an order filed January 6, 2010, the circuit court denied Harris's motion to dismiss. Harris then filed a Motion for Summary Judgment on January 27, 2010.

On February 2, 2010, the circuit court issued an order granting Bureaus LLC's motion for summary judgment. On February 17, 2010, Harris filed two motions, one seeking relief from the order denying his motion to dismiss and one seeking relief from the order granting summary judgment for Bureaus LLC.

On April 21, 2010, the circuit court denied both of Harris's motions for relief. On April 26, 2010, the circuit court issued an order finding Harris's motion for summary judgment moot in light of its prior rulings.

On August 9, 2010, the court entered judgment in favor of Bureaus LLC and against Harris, awarding principal in the amount of $18,623.63 and interest in the amount of $570 on the debt.[3]

## II. Summary Judgment For Harris On His Statute of Limitations Defense Was Not Warranted

Harris's first contention on appeal is that the circuit court reversibly erred in failing to rule that Bureaus LLC's claims are time-barred. Harris asserts that the six-year statute of limitations should have been calculated from January 2000, when First USA "charged off" the debt, and thus Bureaus LLC's claims are time barred. Harris contends the circuit court instead erroneously determined that he was liable on an account stated theory and erroneously determined that a check from him dated November 8, 2001 effectively reset the start of the limitations period.

Bureaus LLC argues, in turn, that it never claimed that the November 8, 2001 check, specifically, created an account

---

[3] The circuit court also awarded attorneys' fees ($4,655.90) and costs ($840.14).

stated.[4]  Rather, at least on appeal, Bureaus LLC's position with regard to Harris's statute of limitations defense is that the November 8, 2001 check implied a new promise to pay, citing to First Hawaiian Bank v. Zukerkorn, 2 Haw. App. 383, 385, 633 P.2d 550, 552 (1981).

Harris has the burden of establishing his statute of limitations defense and any facts necessary to support that defense.  See Henry Waterhouse Trust Co. v. Freitas, 33 Haw. 139, 148 (Haw. Terr. 1934); GECC Fin. Corp. v. Jaffarian, 79 Hawai'i 516, 526 n.3, 904 P.2d 530, 540 n.3 (App. 1995) (Acoba, J. concurring).  Moreover, given the procedural history of this case, Harris essentially contends that the circuit court should have granted either his motion to dismiss or his motion for summary judgment on statute of limitations grounds.  Because Harris's motion to dismiss was actually a summary judgment motion, we review *de novo* whether Harris was entitled to summary judgment based on his statute of limitations defense.  Wong, 111 Hawai'i at 476, 143 P.3d at 15.

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.  The evidence must be viewed in the light most favorable to the non-moving party.  In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

---

[4]  Although Bureaus LLC may not rely specifically on the November 8, 2001 check to establish an account stated, Bureaus LLC does rely on an account stated theory to establish Harris's liability for the debt (apparently based on account statements sent to Harris in late 1999 and early 2000).  Indeed, Harris's First Amended Complaint asserts that "an account was stated in writing between Plaintiff and Defendant.  It was agreed that Defendant was indebted to Plaintiff for the monies loaned and/or advanced by Plaintiff."

As to the statute of limitations defense raised by Harris, Bureaus LLC's position was less than clear while before the circuit court.

Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (citation omitted).

On the current record, Harris failed to carry his burden of proof to establish that Bureaus LLC's claims are barred by the statute of limitations. Harris presents no evidence as to when the statute of limitations began to run. Instead, he simply relies on the "charge off" date established by Bureaus LLC's evidence and then argues that Bureaus LLC cannot establish an account stated based on his November 8, 2001 check (which he does not dispute he wrote). Harris misses the point, however, regarding the importance of the November 8, 2001 check as it pertains to his statute of limitations defense. Under Zukerkorn, "[a] new promise by the debtor to pay his debt, whether then barred by the applicable statute of limitations or not, binds the debtor for a new limitations period." 2 Haw. App. at 385, 633 P.2d at 552. Zukerkorn further establishes that part payment of the debt is *prima facie* evidence of a new promise, but that it "may be rebutted by other evidence and by the circumstances under which it is made." Id.[5]

Thus, Harris's November 8, 2001 check in the amount of $148, submitted into the record by Bureaus LLC and on which the account number for the First USA credit card is written, raises a genuine issue of material fact whether Harris made a part payment on the alleged debt that was *prima facie* evidence of a new promise to pay (and that would trigger a new limitations period). Even if, as Harris contends, the November 8, 2001 check does not establish his overall liability for the debt under the separate

---

[5] As explained in Maciel v. Kalua, 24 Haw. 216, 220 (Haw. Terr. 1918):

> The ground upon which a part payment is held to take the case out of the statute is that such payment is a voluntary admission by the debtor that the debt is then due, which raises a new promise by implication to pay it or the balance. To have this effect it must be such an acknowledgment as reasonably leads to the inference that the debtor intended to renew his promise of payment.

(Citation and quotation marks omitted).

6

theory of an account stated, the check could be evidence in support of creating a new limitations period if Bureaus LLC can establish that the check was part payment on the alleged debt and that it constituted a new promise to pay. Id. at 386, 633 P.2d at 552-53.

Harris therefore was not entitled to summary judgment based on his statute of limitations defense.

III. **Bureaus LLC Was Not Entitled To Summary Judgment**

Harris next argues that the circuit court erred by granting Bureaus LLC's motion for summary judgment because there are genuine issues of material fact concerning Harris's liability on the debt, whether Bureaus LLC is a proper party to collect any debt, and what the total amount of the debt should be. Bureaus LLC argues that the circuit court properly granted summary judgment in its favor based on breach of contract and an account stated. Harris is correct, however, that genuine issues of material fact exist as to whether Bureaus LLC is entitled to prevail on its claims.

We again review these issues de novo, under the summary judgment standards. Querubin, 107 Hawai'i at 56, 109 P.3d at 697. However, because the circuit court granted Bureaus LLC's motion for summary judgment, Bureaus LLC is the movant in this regard and has the burden to "convince the court that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law." Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 295-96, 141 P.3d 459, 469 (2006) (citation omitted and block quote format altered).

In support of its summary judgment motion, Bureaus LLC submitted the declaration of John Hedges (Hedges), who attests he is the Compliance Manager for The Bureaus, Inc. (Bureaus, Inc.), "which is the master servicer of Plaintiff." No further explanation is provided regarding the relationship between Bureaus LLC and the Bureaus, Inc. Hedges attests that he has

7

custody and control of Bureaus LLC's records in connection with Harris's debt on the First USA credit card and attached to Hedges' declaration are *inter alia:* account statements showing balances owing from October 1999 up to January 2000; a Bill of Sale between First USA and Bureaus LLC, signed by Bureaus LLC on February 11, 2000, but which does not specifically reference Harris's account; an Assignment of Claim assigning the rights of First USA in Harris's account to Bureaus LLC, executed on October 22, 2002; a copy of the November 8, 2001 check made payable to "The Bureaus Inc." in the amount of $148 and containing Harris's account number; a December 17, 2002 letter from Sidney Quintal (Harris's attorney at the time) to Bureaus LLC's counsel, which states "my client hereby disputes the $10,405.06 debt set forth in your July 27, 2002 letter to him."

Hedges attests that, based on the Bill of Sale and Assignment of Claim, Bureaus LLC is now the owner of the rights and interest in Harris's First USA account. He further attests that since Bureaus LLC acquired Harris's account (without specifying when that occurred), Bureaus LLC has received five payments from Harris which consist of payments on April 23, 2000, June 24, 2000, July 12, 2001, August 27, 2001, and November 14, 2001 (this last payment being the check dated November 8, 2001). Of note, however, the November 8, 2001 check was made payable to "The Bureaus Inc." and not to Bureaus LLC, and moreover the Assignment of Claim from First USA to Bureaus LLC was not executed until October 22, 2002, which is after each of these alleged payments by Harris.

On this evidence, genuine issues of material fact exist as to whether the claims are barred by the statute of limitations. Bureaus LLC takes the position that its November 6, 2007 complaint was timely because the statute of limitations expired on November 14, 2007, which is six years after Harris's November 8, 2001 check was allegedly received. This position acknowledges that the statute of limitations had expired on the debt. Bureaus LLC is thus completely reliant on the check, or

8

any subsequent event, to mark the date at which the statute of limitations period restarted in order for its complaint to be timely. As discussed in Section II above, Bureaus LLC will need to establish on remand that the November 8, 2001 check was a new promise to pay that triggered a new limitations period.

In this regard, as noted above, the promise may be implied from part payment on the debt.[6] However, a debtor must make the new promise to the creditor, an agent of the creditor, or to a third party with the intent and understanding that the promise should be communicated to the creditor. First American Savings & Trust Co. of Hawaii v. Low, 23 Haw. 696, 700 (Haw. Terr. 1917); see 4 Williston on Contracts § 8:38 (4th ed. 2008) ("An admission or promise to a stranger is ineffectual."); Restatement (Second) of Contracts § 92 (1981) ("The new promise referred to in §§ 82-85 is not binding unless it is made to a person who is then an obligee of the antecedent duty."); City of Fort Scott v. Hickman, 112 U.S. 150, 161 (1884) ("[T]he acknowledgment, to be effective, must be made, not to a stranger, but to the creditor, or to some one acting for or representing him."); Bulmer v. Belcher, 527 P.2d 1237, 1239 (Ariz. Ct. App. 1974) ("The weight of authority in this country is that an acknowledgment or promise must be made either to the creditor or someone acting for him, or to some third person with the intent that it be communicated to the creditor.").

---

[6] Part payment is only *prima facie* evidence of a new promise which may be rebutted by other evidence and by the circumstances under which it is made. The court "cannot imply a promise from the mere fact of acknowledgment or part payment as an inference of law. It must be left to the trier of fact." Zukerkorn, 2 Haw. App. at 386, 633 P.2d at 552 (holding that Defendant's denial that he acknowledged the existence of two stale debts, agreed to pay them, or that he paid them, balanced against the fact he made a payment to Plaintiffs constituted a genuine issue of material fact precluding summary judgment) (citing Ahlo v. Lung, 9 Haw. 272, 275 (Haw. Prov. Gov. 1893)); see also Maciel, 24 Haw. at 218 ("[T]he court cannot imply a promise from the mere fact of part payment, as an inference of law. It must be left to the jury.") (citation and internal quotation mark omitted); Schnack v. Cremmer, 11 Haw. 706, 707 (Haw. Terr. 1899) ("The burden is on the plaintiff to prove, by preponderance of the evidence, a promise sufficient to revive the debt."); White v. Jordan, 14 Shep. 370 (Me. 1847).

Based on the current record, and considering the evidence in the light most favorable to Harris as the non-movant, it is unclear if the November 8, 2001 check was a new promise on the debt and also, given that the check was made payable to Bureaus, Inc., whether Bureaus, Inc. was an agent of the lawful creditor at the time or a third party whom Harris intended would relay the new promise to the lawful creditor. It is also unclear if at the time the November 8, 2001 check was sent, Bureaus LLC was the creditor. Bureaus LLC appears to assert that the Bill of Sale signed in February 2000 transferred all rights, title and interest in Harris's account from First USA. However, nowhere on this document is Harris's account number identified. The Bill of Sale states that First USA assigned "all rights to [Bureaus LLC], title and interest of [First USA] in and to those certain receivables, judgments or evidences of debt described in Exhibit 'B' attached hereto and made part hereof for all purposes." No "Exhibit 'B'" is in the record on appeal. Based on the evidence in the record, it was not until October 2002 that First USA specifically assigned the claim on Harris's account to Bureaus LLC. Bureaus LLC has presented insufficient evidence to demonstrate conclusively that Harris made a new promise to pay the debt to Bureaus LLC and that Bureaus LLC was the creditor at that time.

Moreover, beyond the statute of limitations issue, Bureaus LLC failed to carry its burden to establish its entitlement to summary judgment on its theories of breach of contract and account stated. Because Bureaus LLC acknowledges that the operative statute of limitations is based on the November 8, 2001 check, it cannot proceed on a standard breach of contract claim. That is, it cannot simply show that at some point in the past Harris owed the debt. Thus, Bureaus LLC must establish its right to recover on the debt by way of an account stated.

"Liability upon an account stated requires an admission of indebtedness in a definite sum and a promise, express or

implied, to pay the same. As a general rule, (i)t is always said that there is no account stated unless both parties have expressed assent to it as correct." Hew v. Aruda, 51 Haw. 451, 459, 462 P.2d 476, 481 (1969) (internal citations and quotation marks omitted); 29 Williston on Contracts, § 73:56 (4th ed. 2003) ("The basic requirement of an account stated is that an exact and definite balance must be struck as to which both the creditor and the debtor assent.").

Bureaus LLC has produced no evidence indicating that the parties had a meeting of the minds as to the total debt due. The November 8, 2001 check does not acknowledge a specific amount due, and Bureaus LLC has produced no evidence indicating what prompted the check. The only other evidence in the record regarding any possible creation of an account stated which would render the complaint timely are two letters (one dated July 27, 2002, and the other dated June 21, 2004) sent by Bureaus LLC to Harris or Harris's legal representation demanding payment of an outstanding balance of $10,405.06. However, in a letter dated December 17, 2002, Harris's counsel expressly disputed the debt stated in the July 27, 2002 letter. Based on this record, Bureaus LLC has failed to demonstrate summary judgment is appropriate on an account stated theory.

Because we conclude that the circuit court erred in granting summary judgment in favor of Bureaus LLC we need not address Harris's challenge to the evidence based on HRE Rule 803(b)(6).

## IV. Dismissal Was Not Warranted Due To Bureaus LLC's Alleged Failure to Comply With the First Circuit Court's Order

Harris next contends that the circuit court erred in not dismissing the First Amended Complaint because Bureaus LLC failed to comply with conditions in the First Circuit Court's Order Setting Aside Dismissal. Harris also contends the circuit court should have dismissed the First Amended Complaint because Bureaus LLC did not establish good cause to support the Order Setting Aside Dismissal.

11

Harris's argument that Bureaus LLC failed to comply with conditions set by the First Circuit Court has no merit.  The Order Setting Aside Dismissal did not set "conditions" for setting aside the dismissal.  Moreover, Harris failed to raise this argument before the circuit court until his motion for relief from the order denying his motion to dismiss, which in effect was an untimely motion for reconsideration.  The circuit court did not err in denying Harris's motion for relief.

Likewise, we reject Harris's argument that the circuit court should have dismissed the case because Bureaus LLC failed to establish good cause before the First Circuit Court to set aside the dismissal.  Harris raised this argument in his motion to dismiss, which the circuit court properly determined was an untimely motion to reconsider the First Circuit Court's decision to reinstate the case.  Harris filed his motion to dismiss over a year after the First Circuit Court issued the Order Setting Aside Dismissal.

## V. Conclusion

Based on the foregoing, we vacate the Judgment filed August 9, 2010 and the "Order Granting Plaintiff's Motion for Summary Judgment as to (1) Plaintiff's Claim Against Defendant and (2) Defendant's Counterclaim" filed on February 2, 2010.  We remand the case to the circuit court for further proceedings.

DATED:  Honolulu, Hawai'i, November 29, 2013.


On the briefs:

Paul J. Sulla Jr.
for Defendant-Appellant

Marvin S.C. Dang
Jason M. Oliver
Paul T. Holtropp
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

12